## Bonds of School District Treasurers

ARNOLD, Deputy Attorney General, October 6, 1931.—You have asked us to advise you whether the bonds which school treasurers and school depositories are required to furnish may be the bonds of individual sureties, or whether corporate sureties are necessary.

Section 326 of the School Code of May 18, 1911, P. L. 309, 24 PS § 303, requires each school treasurer to "furnish to the school district a proper bond, in such amount and with such surety or sureties as the board of school directors therein may approve, conditioned for the faithful performance of his duties as school treasurer."

Section 509 of the Code, 24 PS § 461, requires each school depository to "furnish a proper bond, in such amount and with such surety or sureties as may be required, to be approved by the board of school directors."

In our opinion of July 30, 1931, to your department [Posting of Collateral Security by School District Treasurers, 16 D. & C. 501], we advised that these sections do not permit treasurers or depositories to post collateral security in place of giving bonds with surety or sureties thereon.

As we pointed out in that opinion, a recognized definition of a "surety" is a person who becomes responsible for the debt, default or miscarriage of another. The basic concept of the term is a personal relation, a personal liability. It has been only in comparatively recent years that corporations have been authorized to become sureties. The law of sureties and suretyship developed when individual sureties were the only ones known to the law. The term could not now be limited to mean corporate sureties only, unless such a limitation is obviously intended in the particular case under consideration. In spite of the growth of the business of surety companies, vast numbers of transactions are still conducted in reliance on individual sureties. Therefore, unless the legislature has distinctly indicated an intention to the contrary, there could be no justification for a construction of the statutory provisions above quoted that would limit the term "surety or sureties," as there used, to mean only corporate sureties.

There is no such limitation in the School Code, nor have we been able to find any other expression of the legislature that would so restrict the usual meaning of the words in question.

Our attention has been called to the Act of June 26, 1895, P. L. 343, and to the Act of May 23, 1907, P. L. 225, as amended by the Act of April 26, 1923, P. L. 105. Neither of these acts affects the present question. The Act of 1895 authorized corporations to become sole sureties on bonds which would otherwise require one or more individual sureties. The Act of 1907, as amended, authorized school districts and other municipal subdivisions to pay the premiums on any corporate surety bonds which might be required of their officers or employees. Neither of these acts in any way restricted the meaning of the word "surety" to corporations, nor required school treasurers or depositories to furnish corporate surety.

Therefore, we advise you that school boards may legally accept from school treasurers and depositories bonds with individual sureties. The School Code leaves the question to the discretion of each board. The board must determine in each case whether it will accept a bond with individual sureties or will require corporate surety.    From C. P. Addams, Harrisburg, Pa.